Dear Mr. Airth:
On behalf of the Suwannee County Commission you have asked for my opinion on substantially the following question:
Does section 823.14, Florida Statutes, allow the Suwannee County Board of County Commissioners to regulate a dairy farming operation beyond the regulations imposed by state agencies pursuant to section 823.14(6), Florida Statutes?
According to your letter, several county residents have complained to the board of county commissioners that a local dairy is fertilizing crops near their homes with waste, using a center pivot irrigation system that is also used to apply plain water to the crops. You have asked whether section 823.14, Florida Statutes, precludes all local regulation of farming operations or whether the county is authorized to take some action in this regard. Your letter does not indicate whether this fertilization practice has begun recently or whether it is an ongoing practice.
Section 823.14, Florida Statutes, the "Florida Right to Farm Act," recognizes the importance of agricultural production to this state's economy and establishes that the "encouragement, development, improvement, and preservation of agriculture will result in a general benefit to the health and welfare of the people of the state[.]"[1] The Legislature also recognizes that agricultural activities conducted on farmland in areas that are becoming urbanized are potentially subject to nuisance lawsuits and that such suits may encourage or force the premature removal of farmland from agricultural use. The purpose of the act, therefore, is "to protect reasonable agricultural activities conducted on farm land from nuisance suits."[2]
The act generally provides that a farm that has been in operation for at least one year and that was not a nuisance at the time of its established date of operation shall not be a public or private nuisance if the farm operation conforms to generally accepted agricultural and management practices.[3] However, an existing farm operation may not expand to a more excessive operation with regard to noise, odor, dust, or fumes, if it is adjacent to an established homestead or business.[4]
The "operation of machinery and irrigation pumps" and the "generation of noise, odors, dust, and fumes" come within the scope of the term "farm operation" and would generally be protected.[5] A determination of whether the activities you describe constitute a change to a more excessive farm operation with regard to odors, and therefore may be the subject of local regulation, is a mixed question of law and fact outside the scope of authority of this office.
In Pasco County v. Tampa Farm Service,[6] a Fourth District Court of Appeal case, Pasco County attempted to enforce waste disposal ordinances against Tampa Farm Service. The farm service had begun using a new method for spreading poultry manure that resulted in the creation of an odor nuisance for adjoining property owners. At the trial level, the county was enjoined from enforcing the ordinances when Tampa Farm Service argued that its action was protected under the Florida Right to Farm Act. On appeal, the Fourth District Court of Appeal found that even if a practice was agriculturally acceptable, it could cause unreasonable degradation for an established neighborhood. The court recognized that section 823.14(5), Florida Statutes, provides that any change to a more excessive farm operation with regard to noise, odor, dust, or fumes is not afforded the statutory protections of the act if the farm was adjacent to an established homestead or business on March 15, 1982. The case was remanded to the trial court to determine whether Tampa Farm Service's activities constituted a "more excessive farm operation with regard to . . . odor," and, if so, for a determination of whether the county's regulations were valid under traditional nuisance rules to the extent that they regulated degradation from the 1982 threshold. The court noted that:
 "In light of the purposes of the Act, we do not interpret a `more excessive farm operation' to include minor odor changes or minimal degradation of the local environment. The Act seems to afford farmers protection for these minor changes but does not afford protection for more `excessive' changes. Thus, a court or a local government is free to regulate changes in agricultural practices only if those changes involve significant or substantial degradation in the locale. We admit this line is difficult to define and would observe that the legislature has given the courts little assistance in this process. In this case, however, the evidence strongly supports a finding of a substantial change in the odor of the locale."
I would note that section 823.14(6), Florida Statutes, provides that "[e]xcept as otherwise provided for in this section and s.487.051(2),[7] and notwithstanding any other provision of law, a local government may not adopt any ordinance, regulation, rule, or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land classified as agricultural land pursuant to s. 193.461, where such activity is regulated through implemented best-management practices or interim measures developed by the Department of Environmental Protection, the Department of Agriculture and Consumer Services, or water management districts and adopted under chapter 120 as part of a statewide or regional program. . . ." (e.s) However, by its terms, the application of this subsection is supplemental to and qualified by other provisions of section 823.14, such as those of subsection (5) discussed above, and would not appear to preclude a county from regulating a "more excessive farm operation." In addition, section 163.3162(4), Florida Statutes, provides, in terms almost identical to those of section 823.14, that:
 "Except as otherwise provided in this section and s. 487.051(2), and notwithstanding any other law, including any provision of chapter 125 or this chapter, a county may not exercise any of its powers to adopt any ordinance, resolution, regulation, rule, or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land classified as agricultural land pursuant to s. 193.461, if such activity is regulated through implemented best management practices, interim measures, or regulations developed by the Department of Environmental Protection, the Department of Agriculture and Consumer services, or a water management district and adopted under chapter 120 as part of a statewide or regional program; or if such acticity is expressly regulated by the United States Department of Agriculture, the United States Army Corps of Engineers, or the United States Environmental Protection Agency."
However, as in section 823.14, Florida Statutes, subparagraph (4)(b), states that "[t]his subsection may not be construed to permit an existing farm operation to change to a more excessive farm operation with regard to traffic, noise, odor, dust, or fumes where the existing farm operation is adjacent to an established homestead or business on March 15, 1982." As with the preceding discussion, this office cannot make the determination whether this dairy farm may be operating pursuant to best management practices or regulations as provided in section163.3162, Florida Statutes. To the extent, however, that the dairy farm has changed to a more excessive farm operation with regard to odors, the prohibition contained in section 163.3162
against a county exercising its powers would not control.
In sum, section 823.14(4), Florida Statutes, protects a farm that has been established for at least one year and was not a nuisance at the time of its established date of operation from being declared a public or private nuisance if the farm operation conforms to generally accepted agricultural and management practices. However, section 823.14(5), Florida Statutes, provides that any change to a more excessive farm operation with regard to odor is not afforded the statutory protection if the farm was adjacent to an established homestead or business on March 15, 1982. Thus, if a determination is made that this farm was adjacent to an established homestead or business on March 15, 1982, and the fertilizing practices of the farm have changed to a "more excessive" operation that involves significant or substantial degradation in the locale, the county may enforce regulations applicable to those changes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 823.14(2), Fla. Stat.
[2] Id.
[3] Section 823.14(4)(a), Fla. Stat.
[4] Section 823.14(5), Fla. Stat.
[5] Section 823.14(3)(b), Fla. Stat.
[6] 573 So. 2d 909 (Fla. 4th DCA 1990).
[7] Section 487.051, Fla. Stat., relates to pesticide regulation and safety and authorizes the Department of Agriculture to declare as a pest any form of plant or animal life or virus which may injure plants, humans, etc., and authorizes the department to establish procedures for dealing with these pests.